Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request, pursuant to A.C.A. § 7-9-107 (Repl. 1993), for certification of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have previously submitted two separate popular names and ballot titles for a similar measure, which resulted in my issuance of Opinions 99-265 and 99-322. In each of those Opinions, I stated that I was unable to certify a popular name and ballot title for your measure due to a number of unresolved ambiguities in the text of your proposed amendment. You have made changes to your text since the issuance of Opinion 99-265 and 99-322, and now submit the following new proposed popular name and ballot title for my certification:
 POPULAR NAME FOOD SALES TAX EXEMPTION BALLOT TITLE AMENDMENT TO EXEMPT FOOD ITEMS FROM TAXATION; TO PROVIDE FOR THE EXCLUSION OF PREPARED RESTAURANT FOOD FROM THIS AMENDMENT; TO PROVIDE FOR THE EXCLUSION OF THE `ARKANSAS SOFT DRINK TAX ACT' FROM THIS AMENDMENT; TO PROVIDE FOR THE EXCLUSION OF ALCOHOLIC BEVERAGES FROM THIS AMENDMENT; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject both your proposed popular name and ballot title due to two ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107 (b).
The following ambiguities must be clarified in your measure before I can perform my statutory duty:
 1. An ambiguity arises from the language of Sections 2, 3 and 4 or your proposed amendment. Each of these Sections details an exclusion from the provisions of Section 1 of your amendment, which exempts food items from gross receipts taxes. Each of Sections 2, 3 and 4 begin by stating that: "[t]his amendment shall not effect [sic] any tax, and provisions of taxation within the jurisdiction of the State of Arkansas, and subdivisions thereof, on . . ." Section 2 finishes this sentence with "any prepared restaurant foods. . . ." Section 3 finishes the sentence with "the provisions of the "Arkansas Soda Tax Act." Section 4 finishes the sentence with "any beverage defined as alcoholic by the authority of the state." In my opinion an ambiguity exists as to whether these exclusions have the effect of leaving in place both the gross receipts sales tax and the special tax on prepared foods, soft drinks, and alcoholic beverages, or whether the intention is to exempt these three items from gross receipts sales taxes under Section 1, but to leave in place the special tax on each of these items. It appears, from the current wording, that the intention is to retain both the gross receipts sales tax and the special taxes on prepared restaurant foods and alcoholic beverages. Each of Sections 2 and 4 provide that the amendment shall not affect "any tax" on "any prepared restaurant foods" or "any beverage defined as alcoholic." "Any tax" would include the gross receipts sales tax referred to in Section 1. The amendment would thus, in addition to leaving in place special taxes on prepared foods and alcohol, not affect the gross receipt sales tax on prepared restaurant foods or alcoholic beverages, and those taxes would continue to be collected. In contrast, the relevant language of Section 3 appears to leave in place only the "Soda Tax Act." Section 1 may still have the effect of eliminating the" gross receipts sales tax," on soft drinks. Section 3 states that "[t]his amendment shall not effect [sic] any tax, and provisions of taxation . . . on the provisions of the `Arkansas Soda Tax Act.'" I am uncertain how to construe this language with reference to the issue above.
 2. An ambiguity exists in Section 3, in which you refer to the "Arkansas Soda Tax Act." The proper name of that tax is set out in your proposed ballot title and at A.C.A. § 26-57-901 as the "Arkansas Soft Drink Tax Act." The text of your proposal erroneously refers to it as the "Arkansas Soda Tax Act." This point must be clarified in your text.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General